UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DARNELL WESLEY MOON,                     )<br>                                                              )<br>                      Petitioner,             )<br>                                                              )<br>          vs.                                            )<br>                                                              )<br>CHARLES LOCKETT,                              )<br>                                                              )<br>                      Respondent.          )<br>                                                              ) | | 2:11-cv-230-JMS-MJD |

**Entry and Order Directing Further Proceedings**

**I.**

The petitioner's request to proceed *in forma pauperis* [3] is **granted.**

**II.**

A federal court may issue the writ of habeas corpus sought in this action only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. ' 2241(c)(3). AA necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.@ *Rose vs. Hodges,* 423 U.S. 19, 21 (1975). Here, habeas petitioner Moon, a federal prisoner, is correct that due process protections attend certain prison disciplinary proceedings. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993). AA prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient.@ *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and Asome evidence in the record@ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Moon challenges the disciplinary proceeding associated with what he has identified as Incident Report No. 1968601. His challenge, however, is too vague to be meaningfully assessed.

In view of the foregoing, petitioner Moon shall have **through September 20, 2011,** in which to **file an amended petition for a writ of habeas corpus** which coherently sets forth his claim(s) for relief. He is obligated to do nothing less. *Mayle v. Felix,* 545 U.S. 644, 661 (2005) ("Habeas Corpus Rule 2(c) . . . instructs petitioners to 'specify all available grounds for relief' and to 'state the facts supporting each ground.'"). By "claims" as used in this setting are meant the recognized principles of law which, as applied to the facts and circumstances of the challenged disciplinary proceeding, show that proceeding to have been deficient or violative of the petitioner's rights.

**IT IS SO ORDERED.**

Date: 09/06/2011

*(signature)*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Darnell Wesley Moon
No. 34077-044
Terre Haute USP
P.O. Box 33
Terre Haute, IN 47808